**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4158

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RODNEY EDWARD WALL,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, Chief District Judge.  (1:20-cr-00097-CCE-1)

Submitted:  August 28, 2025                    Decided:  September 2, 2025

Before GREGORY, QUATTLEBAUM, and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Aaron Bader Wellman, IVEY, MCCLELLAN, SIEGMUND, BRUMBAUGH & MCDONOUGH, LLP, Greensboro, North Carolina, for Appellant. Julie Carol Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodney Edward Wall appeals the district court's judgment revoking his term of supervised release and sentencing him to 42 months' imprisonment. On appeal, Wall's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Wall's sentence is plainly unreasonable. Wall has filed a pro se supplemental brief in which he questions whether the district court erred in determining that his most serious violation of supervised release was a Grade A violation and in failing to afford him the opportunity to present his medical records, work history, and mental and physical conditions for the court to consider in imposing sentence. The Government declined to file a brief. We affirm.

"A district court has broad . . . discretion in fashioning a sentence upon revocation of a defendant's term of supervised release." *United States v. Slappy*, 872 F.3d 202, 206 (4th Cir. 2017). We "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). Before deciding whether a revocation sentence is plainly unreasonable, we must first determine whether the sentence is procedurally or substantively unreasonable, based on "the same procedural and substantive considerations that guide our review of original sentences," but take "a more deferential appellate posture than we do when reviewing original sentences." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (citation modified). Even if a revocation sentence is unreasonable, we will reverse only if it is "plainly so." *Slappy*, 872 F.3d at 208 (internal quotation marks omitted).

2

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *Id.* at 207 (footnote omitted). "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted).

We find no unreasonableness, plain or otherwise, in Wall's revocation sentence. The district court properly calculated Wall's advisory policy statement range at 30 to 37 months' imprisonment based on his Category III criminal history and his Grade A violation of supervised release resulting from his new criminal conduct that was a controlled substance offense punishable by a term of imprisonment exceeding one year. *See* U.S. Sentencing Guidelines Manual §§ 7B1.1(a)(1), (b), 7B1.4(a), p.s. (2023). The court heard arguments from counsel and Wall's extensive allocution in which he explained why he engaged in new criminal conduct and recounted his medical history and conditions, personal circumstances, work and educational history, and efforts in attending to his mental health. Wall did not seek to present medical records at the revocation hearing, and we discern no plain error in the district court's failure to consider them. *See United States v. Aplicano-Oyuela*, 792 F.3d 416, 422 (4th Cir. 2015) (noting that unpreserved sentencing challenges are reviewed only for plain error).

Additionally, after considering counsel's arguments and Wall's allocution, the advisory policy statement range, and applicable § 3553(a) factors, the district court

3

adequately explained its reasons for imposing the 42-month term. The court's reasons are grounded in factors appropriate for consideration in the revocation sentencing context, namely, the nature and circumstances of Wall's violative conduct, his history and characteristics, and the sanctioning of his breach of trust while on release, *see* 18 U.S.C. §§ 3553(a)(1), 3583(e); USSG Ch. 7, Pt. A, introductory cmt. 3(b) ("[A]t revocation the [district] court should sanction primarily the defendant's breach of trust."), and the court stated an appropriate basis for its conclusion that a 42-month prison term was warranted here.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Wall, in writing, of his right to petition the Supreme Court of the United States for further review. If Wall requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wall.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4